**Dr. G.A. HOLT, Plaintiff,**

v.

**Joseph O. LEWIS, et al., Defendants.**

**Civil Action No. CV–95–AR–2574–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Dec. 13, 1995.

Richard J. Stockham, III, Stockham & Stockham, PC, Birmingham, AL, for G.A. Holt.

Peyton Lacy, Jr., James C. Pennington, Lange Simpson Robinson & Somerville, Birmingham, AL, for Joseph O. Lewis, Joseph O. Dean, William E. Hull and Samford University.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has before it two potentially dispositive motions filed by defendants in the above-entitled action. The first is a motion to dismiss filed by defendants Joseph O.

Lewis ("Lewis"), Joseph O. Dean ("Dean"), and William E. Hull ("Hull") (collectively "the individual defendants"), on October 10, 1995. The second is a motion for judgment on the pleadings filed jointly by the individual defendants and defendant Samford University ("Samford") on October 19, 1995. Because plaintiff can prove through his complaint and through the pleadings now before the court no set of facts that will entitle him to relief, both motions are due to be granted, and the action will be dismissed as to all parties.

## I. The Facts

Plaintiff Dr. G.A. Holt ("Holt") was employed by Samford as a professor in its School of Pharmacy from 1991 to 1994. During his tenure at Samford, Holt often supported those of his students who complained of discrimination at the hands of Samford and brought his concerns about the alleged discriminatory treatment of students to the attention of Samford officials in accordance with Samford's anti-discrimination policy.

In September of 1993, Holt was informed by a female student that she was being discriminated against on the basis of her gender. Holt directed this student to the appropriate Samford officials and then personally notified the offices of the Dean of the School of Pharmacy and the Samford Provost of the situation. During the following month after being notified by Lewis to keep the matter private, Holt telephoned a Samford trustee, Dr. Phillip Walton, and informed Dr. Walton of his concerns regarding the situation. Following this contact with Dr. Walton, Holt's relationship with Samford and the School of Pharmacy deteriorated significantly. After a repeated warning from Lewis in December of 1993 that Holt should forget the situation, Holt was informed on January 27, 1994, that Samford was not going to renew his contract. The reason given to Holt for this action by Samford officials was that Holt had gone to Dr. Walton with the discrimination complaint. Rather than face the stain of a termination in his professional record, Holt resigned his post at Samford.

Holt filed his complaint in this action on August 30, 1995, with the Circuit Court of Jefferson County, Alabama, alleging violations of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.2000e et seq., and Title IX of the Educational Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq. Defendants removed the action to this court on October 6, 1995.

## II. Analysis

When ruling on either a motion to dismiss or a motion for judgment on the pleadings, the court must view the pleadings in the light most favorable to the non-moving party and likewise draw all inferences in favor of the non-movant. United States v. Wood, 925 F.2d 1580, 1581 (7th Cir.1991). The court may grant either motion only where it is beyond doubt that the non-movant can prove no facts that would support his claim for relief. Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir.), cert. denied 506 U.S. 907, 113 S.Ct. 302, 121 L.Ed.2d 225, and cert. denied sub nom. Georgia Power Co. v. Pataula Elec. Membership Corp., 506 U.S. 907, 113 S.Ct. 302, 121 L.Ed.2d 225 (1992).

### a. The Individual Defendants

■ Defendants Lewis, Dean and Hull seek a dismissal on two grounds. First, they claim that they are not employers under Title VII and for that reason cannot be held liable for any violations of that act. The relief granted under Title VII is against the employer. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991). When an employer has been made a party to a Title VII action, specific persons named in either their individual capacities or as agents of their employer are improper defendants. Id. ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." (emphasis added)). Therefore, these individual defendants' motion to dismiss is due to be granted insofar as they have been sued under Title VII in both their individual and official capacities.

■ These defendants also claim that they are similarly impervious to Title IX liability. Title IX applies to entities, including persons, who receive federal funds. 20

U.S.C. § 1681. Clearly this implicates defendant Samford due to the federal financial assistance provided to Samford students. *Grove City College v. Bell,* 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984). However, there is no indication in the statute that actions to enforce the provisions Title IX can be directed against anyone other than the educational institution involved. *Dickinson v. McCarty,* No. 93–8210, 1994 WL 706979 at *5 (S.D.Fla. Aug. 2, 1994). *See also Doe v. Petaluma City School Dist.,* 830 F.Supp. 1560, 1576–77 (N.D.Cal.1993). Thus, defendants' motion to dismiss is due to be granted, and plaintiff's Title IX claims must be dismissed as to defendants Lewis, Dean and Hull in both their individual and official capacities.

Because plaintiff's claims both under Title VII and under Title IX can only be directed at defendant Samford as both the employer and the educational institution involved, the motion to dismiss of defendants Lewis, Dean and Hull must and will be granted.

#### b. Title VII Retaliation

■ Count I of the complaint alleges that plaintiff was constructively discharged from his position in *retaliation* for his continuing efforts to make Samford officials aware that sex-based discrimination of students was taking place. Plaintiff contends that such a retaliatory discharge is unlawful under Title VII. The anti-retaliation provision of Title VII states:

> It shall be an unlawful employment practice for an employer to ... discriminate against any individual ... because he has opposed any practice made an unlawful employment practice by this subchapter....

42 U.S.C. § 2000e–3(a). "[A] plaintiff alleging a retaliation claim under Title VII must begin by establishing a *prima facie* case; the plaintiff must show (1) that [he] engaged in statutorily protected activity, (2) that an adverse employment action occurred, and (3) that the adverse action was causally related to the plaintiff's protected activity." *Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1074 (11th Cir.1995). Defendants, including Samford, attack plaintiff's complaint on the grounds that his notification to Samford officials that students were being unfairly discriminated against on the basis of their gender is not a statutorily protected activity and thus plaintiff has failed to establish his *prima facie* case.

The initial element of plaintiff's *prima facie* case is "established if [he] can show that he opposed an unlawful *employment practice* which he reasonably believed occurred." *Bigge v. Albertsons, Inc.,* 894 F.2d 1497 (11th Cir.1990) (emphasis added). Title VII defines an employment practice as follows:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a). "[I]n enacting Title VII of the Civil Rights Act of 1964, Congress intended to prohibit all practices in whatever form which create inequality *in employment opportunity* due to discrimination on the basis of ... sex...." *Franks v. Bowman Trans. Co.,* 424 U.S. 747, 763, 96 S.Ct. 1251, 1263, 47 L.Ed.2d 444 (1976) (emphasis added).

Taking the facts alleged by plaintiff as true, plaintiff's complaint fails to state a cause for retaliation for which relief can be granted under Title VII. Plaintiff alleges that he championed the cause of "a woman *student*" who was "a victim of sexual discrimination" at Samford. *Complaint* at ¶ 7 (emphasis added). He has not alleged that this student was discharged from employment, not chosen for employment, or otherwise denied any privilege of employment by Samford. Framing the allegations of the

complaint in the light most favorable to plaintiff, he has only asserted that a female student was being unfairly treated by an instructor and that his opposition to this treatment ultimately led to his constructive discharge. This in no way indicts any *employment* practice on behalf of Samford. Without more, any retaliation by defendants for plaintiff's advocacy of a student's rights is simply not prohibited by Title VII.

Because plaintiff did not oppose a discriminatory action that is proscribed by the statute, plaintiff fails to state a claim of retaliation under Title VII, and defendants' motion is due to be granted.

### c. Title IX Retaliation

■ Defendants also argue that dismissal is proper as to Count II, plaintiff's Title IX claim, on the grounds that Title IX does not provide a private cause of action for retaliation to a "whistle blower" who has not himself suffered sex-based discrimination. Title IX provides in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

20 U.S.C. § 1681(a). Remarkably absent from Title IX, however, is an express statutory remedy for retaliation. The Supreme Court has recognized that a *limited* implied cause of action exists to enforce private rights under Title IX for those plaintiffs who have directly suffered sex-based discrimination. *Cannon v. University of Chicago,* 441 U.S. 677, 717, 99 S.Ct. 1946, 1968, 60 L.Ed.2d 560 (1979). This implied private right of action has even been extended past the injunctive remedy allowed in *Cannon* to provide for monetary relief where educational institutions have discriminated on the basis of a person's gender. *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 64–66, 112 S.Ct. 1028, 1032, 117 L.Ed.2d 208 (1992). However, neither the Supreme Court nor the Eleventh Circuit has recognized a cause of

action for retaliatory discharge under Title IX.

■ Unlike the creators of § 2000e–3(a) of Title VII, the congressional authors of Title IX failed to include any express protections against retaliation when considering the problems of gender equity in our nation's educational institutions. This failure to speak is significant when compared to § 2000e–3, a vital piece of the Title VII safeguards enacted only eight years prior to Title IX. When presented with such a stark contrast in otherwise closely related civil rights legislation, it is helpful to keep in mind that "congressional consideration of an issue in one context, but not another, in the same or similar statutes implies that Congress intends to include that issue only where it has so indicated." *United States v. Azeem,* 946 F.2d 13, 17 (2d Cir.1991). Congress has shown that where it intends to outlaw retaliation in the protection of civil rights, it will do so. Plaintiff has failed to persuade this court that the omission of such protection from Title IX is a mere oversight.

Having said this, this court acknowledges a limited trend by other courts that recognize "retaliation" claims under Title IX. *See Preston v. Commonwealth of Virginia ex rel. New River Community College,* 31 F.3d 203 (4th Cir.1994); *Clay v. Board of Trustees of Neosho Community College,* 905 F.Supp. 1488 (D.Kan. 1995). The standard bearer for this trend and the case primarily relied upon by plaintiff for arguing that such a cause of action exists is *Preston.* Beside the obvious statement that Fourth Circuit law is not binding precedent in this case, this court respectfully declines to be swept up in this trickle and expressly refuses to turn it into a veritable flood by creating a second layer of implied theory of liability by expanding dramatically upon a non-binding opinion which created an implied cause of action only within the Fourth Circuit.

The court in *Preston* found an implied cause of action for retaliation existed under Title IX after the plaintiff was dismissed for filing complaints [1] of sex-based discrimination

---

**1.** Preston, employed as a counselor for student support services, was dismissed after filing

claims of discrimination with the Office of Civil Rights of the Department of Education as well as

against her employer. *Preston,* 31 F.3d at 206. The Fourth Circuit reached its matter-of-fact conclusion that such a retaliation claims exists after finding its authorization in the Department of Education ("the DOE") regulations found at 34 C.F.R. § 106.71 (1995).[2] *Id.* at n. 2. The *Preston* court held that § 106.71's incorporation of the DOE regulations regarding Title VI of the Civil Rights Act of 1964, more specifically 34 C.F.R. § 100.7(e),[3] was a sufficient basis for creating an anti-retaliation private cause of action under Title IX. *Id.*

First and foremost, this court expressly rejects the *Preston* analysis in favor of its own "failure to speak" appraisal discussed above. The *Preston* court has derived a private cause of action from an agency regulation incorporating the *procedural* provisions of the regulations created to control the investigation of claims of racial discrimination in educational institutions under Title VI of the Civil Rights Act of 1964. This tortured link manufactured in *Preston* pales when compared to the argument that Congress knows how to write remedial legislation but has chosen not to do so for potential Title IX retaliation plaintiffs.

Furthermore, were this court inclined to build on the sandy foundation established by *Preston* and its progeny, the facts framed by plaintiff's complaint do not provide a compelling case for doing so. Plaintiff does not allege that he was discriminated against due to his gender—circumstances that were unquestionably the motivating basis for the creation of Title IX. His anguished cry for relief from his constructive discharge for allegedly championing the rights of those who are clearly entitled to protection is just too far logically removed from the coverage of Title IX to move this court to create a private cause of action for retaliation at this time.

Because Title IX does not provide a private cause of action for plaintiffs who claim retaliatory discharge, dismissal is proper on this issue as to all defendants and the defendants' motion for judgment on the pleadings is due to be granted.

### III. Conclusion

 Because supervisory personnel, whether named in their individual or official capacities, are not proper targets for either a Title VII retaliation claim where the actual employer is a named defendant or a Title IX claim under any circumstance, plaintiff's action is due to be dismissed as to defendants Lewis, Dean and Hull. Furthermore, because plaintiff neither engaged in any activity protected by Title VII nor was discharged in violation of Title IX, both Counts of plaintiff's complaint are due to be dismissed as to all defendants. Because the court can foresee no circumstance whereby plaintiff can recast the claims in his complaint to state a valid cause of action under either Title VII or Title IX, the court will not grant plaintiff leave to amend his complaint. *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985). Accordingly, both the motion to dismiss and the motion for judgment on the pleadings now before the court are due to be granted and plaintiff's action will be dismissed with prejudice. A separate and appropriate order will be so entered.

---

with the Equal Employment Opportunity Commission. *Preston,* 31 F.3d at 205. In contrast, Dr. Holt alleges that he was forced to resign after notifying a Samford trustee of a continuing problem with gender based discrimination of students at the school.

2. This regulation states:
   § 106.71 Procedures.
   The *procedural* provisions applicable to title VI of the Civil Rights Act of 1964 are hereby adopted and incorporated herein by reference. These procedures may be found at 34 C.F.R. 100.6–100.11 and 34 C.F.R., Part 101.
   34 C.F.R. § 106.71 (1995) (emphasis added).

3. The relevant portion of this regulation states:
   § 100.7 Conduct of investigations.
   **(e) Intimidatory or retaliatory acts prohibited.** No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.
   34 C.F.R. § 100.7(e) (1995) (emphasis supplied).