Linda KELLEY, Plaintiff,

v.

**TROY STATE UNIVERSITY; The Board of Trustees of Troy State University; L.H. Lovik, individually and in his official capacity; Walter Hennigan individually and in his official capacity; and James Kimbrough, individually and in his official capacity, Defendants.**

Civil Action No. 95–A–1235–N.

United States District Court,
M.D. Alabama,
Northern Division.

May 2, 1996.

---

18. The complaint in *Smith* contains counts I, II, III, IV, and VI. There is no count V.

John C. Falkenberry, Frances Heidt, Fern Singer, Sirote & Permutt, Birmingham, AL, for plaintiff.

William F. Gardner, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, Philip S. Gidiere, Jr., Steven K. Herndon, Gidiere & Hinton, Montgomery, AL, Keith Watkins, Calhoun, Faulk, Watkins & Clower, Troy, AL, for Troy State University.

William F. Gardner, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, Keith Watkins, Calhoun, Faulk, Watkins & Clower, Troy, AL, for The Board of Trustees of Troy State University, defendant, L.H. Lovik, individually and in his official capacity defendant, Walter Hennigan, individually and in his official capacity defendant, James Kimbrough, individually and in his official capacity defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is before the court on the Motion to Dismiss filed by the Defendants Troy State University ("TSU"), the Board of Trustees of Troy State University (the "Board"), Dr. Lawrence Lovik ("Lovik") individually and in his official capacity, Walter Hennigan ("Hennigan") individually and in his official capacity, and Dr. James Kimbrough ("Kimbrough") in his official capacity on October 27, 1995 and on the Motion to Dismiss filed by Kimbrough in his individual capacity on the same day. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367.

## I. FACTS

The Plaintiff's Complaint alleges the following facts:

In February of 1988, the Plaintiff, Linda Kelley ("Kelley") began working at Troy State University. Until early April, 1995, she was directly supervised by the Defendant Kimbrough. Kelley claims that, at all times during her employment at TSU, she performed her duties in a satisfactory manner, but that the Defendants subjected her to gender discrimination and sexual harassment.

Kelley alleges that Kimbrough made sexually explicit remarks about women and made jokes at the expense of women. She claims that he made degrading comments to her, such as saying that she was having "a blond attack" when she made an error, and that he told her to "show a little leg" when a male colleague was coming to the office.

Kelley also claims that, on several occasions during 1994, Kimbrough either slapped her or hit her with a closed fist. She alleges that, on January 3, 1994, after the first incident, she made an appointment to see the Defendant Lovik, Provost at TSU, to report the incident, but he had already been informed of the incident and intentionally avoided speaking with her. Kelley claims that, at that time, she informed Lovik's Secretary of the incident. Kelley claims that she met with the Defendant Lovik on March 14, 1995, and he denied that he refused to speak with her on January 3, 1994.

Kelley further claims that, on October 25, 1994, she met with the Defendant Hennigan, the Director of Personnel at TSU, and told him that she had been hit by Kimbrough. Hennigan allegedly asked her whether she knew she could "get in trouble" for lying. Kelley alleges that, in response, Hennigan did not follow the proper complaint procedure, but instead sought to contact Kimbrough. Kelley claims that she gave Hennigan the name of an employee at TSU who had witnessed one of the assaults, but that Hennigan refused to contact the individual. She also claims that she requested a transfer, but Hennigan refused to give her one, saying that there were "no openings."

On March 18, 1995, Kelley filed an employment discrimination complaint with the EEOC. She claims that, subsequently, the Defendants retaliated against her because of the EEOC complaint and because of the internal complaints that she lodged at TSU. In early April of 1995, Kelley was reassigned to a different job at her request. She claims that, at her new position, she never received a job description, her work was overly scrutinized, and she was told on numerous times by her supervisor that she was only a temporary employee and was not wanted at her new location. Kelley also contends that, sometime after her reassignment, she took a leave of absence from her employment on the recommendation of her physician because of her stressful work environment.

On September 21, 1995, Kelley brought suit against the Defendants in the United States District Court for the Middle District of Alabama. She claims that the Defendants engaged in unlawful employment practices by discriminating against her based on sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* 42 U.S.C. § 2000e *et seq.* She also asserts a cause of action under § 1983 for violation of her right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution. *See* 42 U.S.C. § 1983. Additionally, she asserts a cause of action under Title IX for sex discrimination. *See* 20 U.S.C. § 1681(a). Finally, Kelley asserts related causes of action under state law for assault and battery and for invasion of privacy. Through this suit, Kelley seeks compensatory and punitive damages, reimbursement of legal fees, costs and expenses, a declaration stating that TSU must comply with Title IX, and an injunction ordering the Defendants to abstain from further violating her constitutional rights.

For the reasons set forth below, the court finds that both of the Defendants' Motions to Dismiss are due to be GRANTED, in part, and DENIED, in part.

## II. STANDARD OF REVIEW

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be

proven consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33. Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim, *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir.1985), the Plaintiff in this case has not made the allegations necessary to allow some portions of the claims in this suit to proceed.

### III. *DISCUSSION*

The Defendants argue that the claims in the Plaintiff's Complaint must be dismissed for a variety of reasons.

### A. *The Board of Directors of Troy State University*

■ The Defendants argue that any claims against the Board of Directors of TSU should be dismissed because they are not legally cognizable and are redundant. In their brief, the Defendants point out that, under Alabama law, the Board is not endowed with an independent corporate existence—that status is reserved for Troy State University itself. *See* Ala.Code § 16–56–1. Thus, the Board does not have the capacity to be sued, and any claims against it are not legally cognizable. *See United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir.1987). Furthermore, even if a claim against the Board were legally cognizable, it would be redundant because the Plaintiff also names TSU itself as a defendant in this case. Moreover, the Plaintiff concedes in her brief that the Board should be dismissed as a defendant. As a result, the claims against the Board of Directors of TSU are due to be DISMISSED.

### B. *The Title VII Claims*

■ The Defendants Lovik, Hennigan, and Kimbrough argue that the Plaintiff's Title VII claims against them in their individual capacities must be dismissed because there is no individual liability under Title VII. In the Eleventh Circuit, an agent of an employer may not be sued in his individual capacity under Title VII. *See Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) ("Individual capacity suits under Title VII are ... inappropriate."). Moreover, the Plaintiff concedes in her brief that any individual capacity claims under Title VII against the Defendants should be dismissed. Accordingly, the court concludes that the Title VII claims against the Defendants Lovik, Hennigan, and Kimbrough in their individual capacities are due to be DISMISSED.

■ Furthermore, this court concludes that the Title VII claims against the Defendants Lovik, Hennigan, and Kimbrough in their official capacities—to the extent that the Plaintiff asserts such a claim—should also be dismissed. A suit under Title VII brought against an agent of an employer is regarded as a suit against the employer itself. *Busby,* 931 F.2d at 772; *Saville v. Houston County Healthcare Auth.,* 852 F.Supp. 1512, 1522 (M.D.Ala.1994); *see also Will v. Michigan,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (cause of action against a state agency can be maintained through a named defendant in his official capacity, but the liability belongs to the agency); *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) ("Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978)). Because the Plaintiff also names TSU itself as a defendant, the Title VII claims against the Defendants Lovik, Hennigan, and Kimbrough in their official capacities add nothing to the Plaintiff's case. Accordingly, these claims are redundant and are due to be DISMISSED.

## C. The § 1983 Claims

The Plaintiff in this case alleges that the Defendants violated her right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution. When an individual seeks redress in the courts for a violation of her constitutional rights, she may not sue directly under the Constitution. Rather, she must make her claim under 42 U.S.C. § 1983. Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation if any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff who sues an individual under § 1983 "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." *Graham,* 473 U.S. at 165, 105 S.Ct. at 3104–05. In actions such as this, the individual is stripped of the general immunity that he would be cloaked in under his official capacity. *Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 362–63, 116 L.Ed.2d 301 (1991).

The Plaintiff in this action brings suit under § 1983 alleging violations of her Fourteenth Amendment right to be free from unlawful sex discrimination and sexual harassment in public employment. *See, e.g., Davis v. Passman,* 442 U.S. 228, 235, 99 S.Ct. 2264, 2271–72, 60 L.Ed.2d 846 (1979); *Cross v. Alabama,* 49 F.3d 1490, 1508 (11th Cir.1995). She claims that the Defendant Kimbrough directly discriminated against her through his conduct and that the Defendants Lovik and Hennigan failed to take reasonable steps to stop Kimbrough's conduct after having knowledge of its existence.

The Defendants, however, argue that the claims against them must be dismissed because they are entitled to the defense of qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Thus, a government official is not entitled to qualified immunity where the plaintiff demonstrates that the official's actions violated a clearly established right. *Sims v. Metropolitan Dade County,* 972 F.2d 1230, 1236 (11th Cir.1992). A person's right to be free from unlawful sex discrimination and sexual harassment in public employment is a well established right of which a reasonable person would have known. *See, e.g., Cross,* 49 F.3d at 1503.

Furthermore, in *Cross,* the Eleventh Circuit went further and denied qualified immunity to a supervisory government official who had knowledge of a subordinate's sexual harassment and discriminatory conduct and failed to do anything in response. *Id.* The court concluded that "a reasonable person in [the supervisor's] position could not have believed doing nothing in light of [the subordinate's] conduct was lawful, in light of the clearly established law that sexual harassment and discrimination was an infringement of legal rights." *Id.*

In this case, the Plaintiff claims that the Defendant Kimbrough actively harassed her and discriminated against her based on sex. Therefore, based on the facts she alleges in her Complaint, Kimbrough is not entitled to qualified immunity. The Plaintiff also claims that the Defendants Lovik and Hennigan were made aware of the conduct and that, as Kimbrough's supervisors, they failed to do anything in response. Therefore, based on her allegations, Lovik and Hennigan are not entitled to qualified immunity either.

The Defendants argue, however, that the *Cross* opinion is not controlling in this case. They correctly point out that, to lose qualified immunity, a government official must infringe a right that was clearly established at the time of the infringement. *Lassiter v. Alabama A & M Univ.,* 28 F.3d 1146,

1150 (11th Cir.1994) (With regard to qualified immunity, "courts judge the acts of defendant government officials against the law and facts at the time defendants acted, not by hindsight, based on later events."). With this rule in mind, the Defendants argue that, because the *Cross* opinion was not published until April 6, 1995, it was not clearly established in the Eleventh Circuit in 1994 and early 1995—the time when the alleged conduct of the Defendants in this case was taking place—that sexual harassment and discrimination was an infringement of legal rights. *See Cross,* 49 F.3d at 1490. The Defendants, however, fail to recognize that the *Cross* opinion did not purport to establish the right to be free from sexual harassment or sex discrimination in public employment. In *Cross,* the Eleventh Circuit denied qualified immunity to a supervisor for his conduct during and prior to 1991 because he violated a clearly established right. *Id.* at 1503–04. Essential to the court's conclusion was that, in 1991, it was clearly established in the Eleventh Circuit that sexual harassment and discrimination was an infringement of legal rights. Therefore, this Court concludes that *Cross* does control this case and the right to be free from sexual harassment or sex discrimination in public employment was clearly established at the time of the events in question. Accordingly, the Defendants' Motions to Dismiss the § 1983 claim based on the defense of qualified immunity are due to be DENIED at this stage of the litigation. This ruling, however, is without prejudice to reassertion of the defense at a later stage in the litigation.

 The Defendants also argue that the Plaintiff's claims for injunctive relief against the Defendants Kimbrough, Hennigan, and Lovik in their official capacities must be dismissed to the extent that the relief she seeks is not prospective. Although the Plaintiff's Complaint indicates that she seeks only prospective injunctive relief, the Court agrees that any § 1983 claim for non-prospective injunctive relief against the Defendants in their official capacities cannot be maintained. The United States Supreme Court has held that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan*

*Dep't of State Police,* 491 U.S. 58, 65, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). State agents in their official capacities, however, may be properly subject to prospective injunctive relief under § 1983 because such actions are not treated as actions against the State. *See Cross,* 49 F.3d at 1503; *see also Graham,* 473 U.S. at 167 n. 14, 105 S.Ct. at 3105–06 n. 14; *Ex Parte Young,* 209 U.S. 123, 156, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). Furthermore, the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief. *See Cross,* 49 F.3d at 1503; *Wu v. Thomas,* 863 F.2d 1543, 1550 (11th Cir.1989). Accordingly, to the extent that the Plaintiff asserts claims under § 1983 for non-prospective injunctive relief, the claims are due to be DISMISSED, but to the extent that she asserts claims under § 1983 for prospective injunctive relief, the Motion to Dismiss is due to be DENIED.

### D. *The Title IX Claims*

The Defendant TSU argues that the Plaintiff's Title IX claim must be dismissed. *See Lakoski v. James,* 66 F.3d 751 (5th Cir.1995). The court will not address the merits of the Defendant's argument because the Plaintiff, in her response brief, concedes that the Title IX claim should be dismissed. Accordingly, this court concludes that the Title IX claim is due to be DISMISSED.

### E. *The Pendent State Law Claims*

Finally, the Plaintiff asserts state law claims in this case against Troy State University and against the Defendant Kimbrough in his individual capacity for assault and battery and for invasion of privacy. Both TSU and Kimbrough argue that the claims must be dismissed on a variety of grounds.

 TSU argues that the Plaintiff's pendent state law claims against it must be dismissed because claims for damages against the State of Alabama are barred by the Eleventh Amendment to the United States Constitution and by the Alabama Constitution. The Eleventh Amendment provides that

[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. The Eleventh Amendment also proscribes suits by citizens against their own state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). It is well established that the states and their agencies are immune from suit for monetary damages. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974).

■ A court faced with a claim of Eleventh Amendment immunity must first determine whether the plaintiff is suing the state. This involves deciding whether the entity raising the defense can be considered an "agency or instrumentality" of the state. State law guides the determination. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981).[1] The Supreme Court of Alabama has determined that Troy State University is an agency of the State of Alabama. *See Taylor v. Troy State University,* 437 So.2d 472, 473 (Ala.1983); *see also* Ala. Code § 16–56–1 *et seq.* (establishing Troy State University).

■ Where a party attempts to sue a state agency in federal court, the Eleventh Amendment prohibits the federal court from exercising jurisdiction over the suit, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–08, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979). Congress has not overridden Alabama's immunity with regard to the state law claims of assault and battery and invasion of privacy, and Alabama has not consented to be sued or waived its immunity on

such claims. In fact, the Alabama Constitution states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. Accordingly, this court concludes that the Plaintiff's state law claims against TSU for assault and battery and invasion of privacy are due to be DISMISSED for lack of jurisdiction.

■ The Defendant Kimbrough argues that the Plaintiff's claim against him for invasion of privacy must be dismissed because the Plaintiff's Complaint fails to allege facts that support such a cause of action. Alabama defines the tort of Invasion of Privacy as set forth in Prosser, *The Law of Torts.* *See Busby v. Truswal Systems Corp.,* 551 So.2d 322, 323 (Ala.1989); *Cates v. Taylor,* 428 So.2d 637, 639 (Ala.1983). *Cates* instructs that, according to Prosser, there are four acts that constitute an invasion of privacy in Alabama. These are: "(1) 'the intrusion upon the plaintiff's physical solitude or seclusion,' (2) 'publicity which violates the ordinary decencies,' (3) 'putting the plaintiff in a false but not necessarily defamatory position in the public eye,' and (4) 'the appropriation of some element of the plaintiff's personality for a commercial use.'" *Busby,* 551 So.2d at 323; *Cates,* 428 So.2d at 639.

■ In this case, the Plaintiff is proceeding under the "intrusion on seclusion" theory. Under this theory, "'there must be something in the nature of prying or intrusion' and 'the intrusion must be something which would be offensive or objectionable to a reasonable person. The thing into which there is intrusion or prying must be, and be entitled to be, private.'" *Busby,* 551 So.2d at 323–24 (quoting Prosser & Keeton, The Law of Torts 855 (5th ed. 1984)). Significantly, the United States Supreme Court has specifically recognized that "sexual" concerns are entitled to privacy protection. *See, e.g., Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *see also Phillips v.*

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Smalley Maintenance Servs.,* 435 So.2d 705, 708 (Ala.1983).

In this case, the Plaintiff alleges facts that she contends amount to an invasion of her privacy by the Defendant Kimbrough. These facts include making sexually explicit remarks about women and making jokes at the expense of women. Furthermore, the Plaintiff contends that the Defendant made degrading personal comments to her, such as saying that she was having "a blond attack" when she made an error, and that he told her to "show a little leg" when a male colleague was coming to the office. She also claims that, on several occasions, the Defendant Kimbrough struck her, either with an open hand or a closed fist. Although the court expresses some doubt as to whether these facts are sufficient to sustain a claim against the Defendant Kimbrough for invasion of privacy, the court is unwilling to dismiss the claim for failure to state a cause of action at this early stage of the litigation. Accordingly, the Defendant's Motion to Dismiss the Plaintiff's invasion of privacy claim against Kimbrough is due to be DENIED on this grounds.

Finally, the court declines to dismiss the Plaintiff's pendent state law claims by exercising its discretion to decline supplemental jurisdiction.

Under 28 U.S.C. § 1367(c):

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The court does not believe that it possesses the discretion to dismiss the Plaintiff's claims for assault and battery and invasion of privacy because the claims do not satisfy one of the grounds for which the court may decline to exercise supplemental juris-

diction. *See* 28 U.S.C. § 1367(c). The claims do not raise novel or complex issues of state law, but instead, arise from causes of action that are well established in the state of Alabama and are often raised in the sexual harassment context. *See, e.g., Busby v. Truswal Systems Corp.,* 551 So.2d 322, 323 (Ala.1989); *Cates v. Taylor,* 428 So.2d 637, 639 (Ala.1983); *see also Quillen v. American Tobacco Co.,* 874 F.Supp. 1285, 1298 (M.D.Ala.1995). Moreover, the court does not believe that the claims substantially predominate over the federal claims. The assault and battery and invasion of privacy claims arise from the same alleged harassing conduct that forms the basis of the federal claims, and the state claims do not add significant or complex legal issues to the case. Accordingly, the court concludes that it must exercise supplemental jurisdiction over these claims, and the Defendants' Motion to Dismiss the assault and battery and invasion of privacy claim is due to be DENIED.

### IV. *CONCLUSION*

Based on the foregoing reasoning, the court finds that the Defendants' Motions to Dismiss the Plaintiff's Complaint are due to be GRANTED to the extent that the Complaint asserts claims against the Board of Directors of Troy State University; and GRANTED to the extent that the Complaint asserts Title VII claims against the Defendants Lovik, Hennigan, and Kimbrough individually and as agents of the Defendant Troy State University; and GRANTED to the extent that the Complaint asserts claims under § 1983 for non-prospective injunctive relief; and GRANTED to the extent that the Complaint asserts claims under Title IX; and GRANTED to the extent that the Complaint asserts state law claims for damages against Troy State University.

Furthermore, the Defendants' Motions to Dismiss the § 1983 claim against the Defendants Lovik, Hennigan, and Kimbrough in their individual capacities are due to be DENIED; the Defendants' Motions to Dismiss the § 1983 claim for prospective injunctive relief against the Defendants Lovik, Hennigan, and Kimbrough in their official capacities are due to be DENIED; and the De-

fendant's Motion to Dismiss the invasion of privacy claim against the Defendant Kimbrough is due to be DENIED. Finally, in all other respects, the Defendants' Motion to Dismiss is DENIED.

In view of this Order the following claims remain: the Plaintiff's Title VII claim against the Defendant Troy State University; the Plaintiff's § 1983 claim for damages against the Defendants Lovik, Hennigan, and Kimbrough in their individual capacities; the Plaintiff's § 1983 claim for prospective injunctive relief against the Defendants Lovik, Hennigan, and Kimbrough in their official capacities; and the Plaintiff's state law claims for assault and battery and invasion of privacy against the Defendant Kimbrough.

It is so ordered.