Molly BLALOCK Plaintiff,

v.

**DALE COUNTY BOARD OF EDUCATION and Chuck Monday, individually Defendants.**

No. CIV. A. 97–D–650–S.

United States District Court, M.D. Alabama, Southern Division.

Oct. 6, 1998.

---

Ann C. Robertson, Maury S. Weiner, Birmingham, AL, Amy Shumate, Dothan, AL, for Plaintiff.

Jack Corbitt, Ozark, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Defendant Dale County Board of Education ("Board") and Defendant Chuck Monday's ("Monday") Motions to Dismiss, filed separately on September 8, 1997. Plaintiff Molly Blalock filed Responses to both motions separately on September 24, 1997. After careful consideration of the arguments of counsel, the case law, and the record as a whole, the court finds that Defendant Board's Motion is due to be denied, and Defendant Monday's motion is due to be granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff was hired by Defendant Board as a Physical Education teacher and athletic coach at Dale County High School in 1974.[1] Defendant Board is an agency and political subdivision of the State of Alabama. Established by state law and by § 264 of the Alabama Constitution, Defendant Board receives benefits from federal financial assistance. At all times pertinent to this matter, Defendant Monday served as Defendant Board's Athletic Director.

Plaintiff alleges that she has been discriminated against on the basis of her sex during the course of her employment, despite performing her job duties in a professional and competent manner. She contends that Defendants have willfully, maliciously, and under color of state law, made employment decisions in a discriminatory manner, and have limited and classified her in a way that has adversely affected her employment opportunities because of her sex. More specifically, Plaintiff asserts that, because of her sex and the sex of the girls on her teams, she was not paid as much as the male coaches for equivalent work, and was provided with unequal training/practice facilities, practice/game schedule times, equipment, supplies, and travel services.

On March 14, 1994, in exchange for $7,204.58, Plaintiff signed an agreement with the Board styled "Confidential Full and Final Release of All Claims" ("Release"). In the Release, Plaintiff waived all potential claims on the disparity in the salary schedule payment. Upon signing this agreement, Plaintiff's employment continued.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the

---

**1.** When ruling on a motion to dismiss for failure to state a claim, the court assumes that all factual allegations in the complaint are true. *See U.S.* *v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

last discriminatory act,[2] and received her Notice of Right to Sue on January 27, 1997. Shortly after filing with the EEOC, Defendants promptly notified Plaintiff that she was to be transferred to the Dale County school system's middle school. After protests by the Plaintiff and the intervention of friends and supporters, Defendant Board reversed its decision to transfer.

Plaintiff further alleges the original decision to transfer was in retaliation for her filing of the EEOC charge, resulting in her mental anguish, loss of enjoyment of life, and loss of educational and employment opportunities. She also contends that she has been subjected to a hostile work environment because of her sex, suffering further humiliation, embarrassment, and public ridicule.

On April 25, 1997, Plaintiff filed suit in this court. On August 15, 1997, Plaintiff filed an Amended Complaint against the Board and against Chuck Monday in both his official and individual capacities. Plaintiff seeks relief on the following grounds: Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"); the Equal Protection Clause of the Fourteenth Amendment, for which a remedy is provided by 42 U.S.C. § 1983; and the Equal Pay Act, 29 U.S.C. §§ 206, 216.

Plaintiff seeks a declaratory judgment, injunctive relief, back pay, compensatory and punitive damages, plus costs and expenses including reasonable attorney's fees. Defendants have filed separate Motions to Dismiss. Plaintiff has filed separate Responses to each Defendant's motion.

## JURISDICTION & VENUE

■ Both Defendants contest jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), and (6).[3] Because the plaintiff has brought claims under Title IX, Title VII, § 1983, and the Equal Pay Act, however, the court finds

it properly exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(1)-(4) (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not contest venue.

## MOTION TO DISMISS STANDARD

Under Fed.R.Civ.P. Rule 12(b)(6), a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., U.S. v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990); *Anderson–Free v. Steptoe,* 970 F.Supp. 945, 953 (M.D.Ala.1997). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir. 1993); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *In re Johannessen* 76 F.3d 347, 349 (11th Cir.1996) (citing *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Braden v. Piggly Wiggly,* 4 F.Supp.2d 1357, 1360 (M.D.Ala.1998). The Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." *Johannessen,* 76 F.3d at 349 (quoting *Conley,* 355 U.S. at 45, 78 S.Ct. 99); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

---

2. The specific date was omitted from the Complaint.

3. The court denies both Defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(2) and (4) for

lack of personal jurisdiction and insufficiency of process because Defendants have not presented any case law or factual allegations to support these claims.

## . DISCUSSION

### Defendant Board's Motion to Dismiss

■ Defendant Board argues that the court should dismiss Plaintiff's complaint because Plaintiff signed the Release on March 14, 1994 in exchange for monetary compensation. Defendant argues that this forever discharged Defendant Board, "the Superintendent, the Board members, employees, agents and assigns, and all other persons, firms, and corporations from any damage whatsoever arising [from the disparity in her salary schedule payment]." (Def. Board's Mot. to Dis. ¶ 1.)

In her Response, Plaintiff admits that she has waived her claims on the pay disparity issues up until the date the Release was signed. But, as Plaintiff interprets the Release, it does not waive any pay claims that have arisen thereafter. The court finds Plaintiff's argument to be persuasive.

■ Settlement agreements are contracts and, as such, their construction and enforcement are governed by principles of state contract law. *Schwartz v. Florida Board of Regents, et al.*, 807 F.2d 901, 905 (11th Cir.1987); *Dillard v. Crenshaw County, et al.*, 748 F.Supp. 819, 824 (M.D.Ala. 1990). "Words in a contract are to be given their plain ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement." *Schwartz* 807 F.2d at 905 (citing *Robin v. Sun Oil Co.*, 548 F.2d 554, 557 (5th Cir.1977)).[4] In the instant case, the language of the Release clearly limits the waiver of claims to those "in connection with the disparity in the salary payment schedule." (Def. Board's Mot. to Dis., Exh. A ¶ 1.) The court interprets the terms of the Release to limit the scope to events in connection with the pay disparity up to and including the date Release was signed, as on its face, the language does not cover any claims arising out of a disparity in pay thereafter. Thus, such claims survive Defendant's Motion to Dismiss. *See Schwartz* 807 F.2d at 906 (holding that settlement agreement stipula-

tion that Plaintiff "no longer suffered from any disparity in pay" did not waive his future Equal Pay Act or Title VII claims). Thus, the court finds that Defendant Board has failed to meet its burden of proof, and its Motion to Dismiss is due to be denied.

### Chuck Monday's Motion to Dismiss

■ Defendant Monday makes several arguments to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. First, Defendant Monday argues that the Title VII claim against him in his individual capacity should be dismissed. In particular, Defendant states that individual capacity suits brought pursuant to Title VII are inappropriate under the holding in *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991). The court agrees. In *Busby*, the Eleventh Circuit specifically held that "individual capacity suits under Title VII are . . . inappropriate," and that, "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id. See also Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995) (affirming the *Busby* holding post 1991 statutory amendment of Title VII); *Hamm v. Lakeview Community Hospital*, 950 F.Supp. 330, 333 (M.D.Ala. 1996); *Kelley v. Troy State University*, 923 F.Supp. 1494, 1499 (M.D.Ala.1996); *Bahadirli v. Domino's Pizza*, 873 F.Supp. 1528, 1533 (M.D.Ala.1995); *Smith v. Capitol City Club of Montgomery*, 850 F.Supp. 976 (M.D.Ala. 1994). Thus, Defendant Monday's motion to dismiss the Title VII claim against him in his individual capacity is due to be granted.

■ Although the parties failed to address whether the claims against Defendant Monday in his official capacity should be dismissed, the court decides this issue *sua sponte*. In *Kelley v. Troy State University*, 923 F.Supp. 1494 (M.D.Ala.1996), the court found that "[a] suit under Title VII brought against an agent of an employer is regarded as a suit against the employer itself." *Id.* at 1499 (citing *Busby*, 931 F.2d at 772). *See also Will v. Michigan*, 491 U.S. 58, 71, 109

---

4. Decisions of the former Fifth Circuit rendered prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of*

*Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding cause of action against a state agency can be maintained through a named defendant in his official capacity, but the liability belongs to the agency). Under this line of reasoning, *Kelley* dismissed Title VII claims against the defendant employers in their official capacities as redundant, pointing out that the employer was already a named defendant. *Kelley*, 923 F.Supp. at 1499. Similarly, the court finds that the Title VII claim against Defendant Monday in his official capacity is due to be dismissed because Plaintiff's employer, the Dale County Board of Education, is a named defendant.[5]

■ Defendant Monday also moves that the Title IX claim against him in his individual capacity be dismissed. Defendant Monday argues that such claims apply only to entities that receive federal funds rather than to individual defendants. In *Holt v. Lewis*, 955 F.Supp. 1385 (M.D.Ala.1995), this court found that actions to enforce the provisions of Title IX can only be directed against the educational institution involved, finding "no indication in the statute" that such actions could be directed elsewhere. *Id.* at 1387. In *Holt*, the court dismissed all Title IX claims against several university officials in an action against a university. *Id.* The facts in the instant case are similar: Plaintiff has commenced a Title IX action, *inter alia*, against an educational institution (Defendant Board) and one of its officials (Defendant Monday). Thus, under *Holt*, Defendant Monday's motion to dismiss is due to be granted because Plaintiff's Title IX claim against Defendant Monday, individually, must be dismissed.

Although Defendant Monday failed to move the court to dismiss the Title IX claim against him in his official capacity, the court now decides this issue *sua sponte*. The court in *Holt* dismissed the Title IX claims against the university officials in both their individual and official capacities. *Holt*, 955 F.Supp. at 1387. Because, as previously discussed, the facts in the present case are consistent with

those in *Holt*, the court finds no reason not to follow this precedent. Thus, the court finds that the Title IX claim against Defendant Monday in his official capacity is similarly due to be dismissed.

■ Next, Defendant moves to dismiss the Equal Pay Act ("EPA") claim against him, contending that he does not meet the statutory definition of "employer" under the Act. *See* 29 U.S.C. § 206(d). The court disagrees and finds, rather, that Defendant Monday fits squarely within the statutory definition of "employer" under the EPA. The EPA defines employer as including:

> any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization ... 29 U.S.C. § 203(d).

In applying this statutory definition, courts have looked to several criteria, including: (1) the amount of control the alleged employer exerted on the employee; and (2) whether the alleged employer had the power to fire, hire, or modify the employment condition of the employee. *See Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir.1995) (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir.1968)); *Larry v. Board of Trustees of the University of Alabama*, 975 F.Supp. 1447, 1449 (N.D.Ala.1997). The court finds that the present facts satisfy the definition of "employer." Defendant Monday served as the Athletic Director for the Dale County Board of Education. Defendant Monday was hired by Defendant Board to supervise the everyday operations of the Dale County school system's athletics program. In this capacity, Defendant Monday had direct supervision of and control over Plaintiff in her role as coach of several girls' sports teams at Dale County High School, answering directly to Defendant Board. *See Harris v. Birmingham Board of Education*, 712 F.2d 1377, 1379 (11th Cir.1983) (discussing the hiring and transfer powers of an Athletic Director with respect to coaching positions within the school system). Defendant Board

---

5. Defendant Monday argues that Plaintiff's Title VII claim should be dismissed for failure to plead that she has exhausted her administrative remedies as to him, individually. Since all Title VII claims against Defendant Monday are due to be dismissed under the reasoning above, the court need not reach this issue.

served as Plaintiff's employer as well. As such, the performance of Defendant Monday's job inherently involved acting, at least indirectly, if not directly, in the interests of Plaintiff's employer. Contrary to his contention, Defendant Monday clearly satisfies the definition of "employer" under the Equal Pay Act, and his motion on this point is due to be denied.

Defendant Monday further argues that Plaintiff's Equal Protection § 1983 claim should be dismissed to the extent it is based upon allegations supporting her Title VII and Equal Pay Act claims. However, the court construes Plaintiff's Amended Complaint to clearly limit the scope of its § 1983 claim to the Equal Protection Clause to the Fourteenth Amendment to the United States Constitution. As such, the Defendant's motion to dismiss on these grounds presents no issue for the court to decide.

Finally, Defendant Monday moves to dismiss all claims against him based on the Release signed by the Plaintiff on March 14, 1994. Under the logic previously laid out in the discussion above, this motion is due to be denied. *See* "The Board's Motion to Dismiss," *supra.*

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that:

(1) Defendant Board's Motion to Dismiss is hereby DENIED;

(2) Defendant Monday's Motion to Dismiss is hereby GRANTED in part and DENIED in part:

(a) Defendant Monday's Motion to Dismiss the Title VII claim against him in his individual capacity be and the same is hereby GRANTED;

(b) Defendant Monday's Motion to Dismiss the Title IX claim against him in his individual capacity be and the same is hereby GRANTED;

(c) Defendant Monday's Motion to Dismiss the Equal Pay Act claim be and the same is hereby DENIED;

(3) The Title VII claim against Defendant Monday in his official capacity is hereby DISMISSED;

(4) The Title IX claim against Defendant Monday in his official capacity is hereby DISMISSED.