IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60407
_____


AHMAD A. VADIE,

                                        Plaintiff-Appellee,

                    versus

MISSISSIPPI STATE UNIVERSITY;
DONALD HILL, Individually and
in his Official Capacity;
ROBERT A. ALTENKIRCH, Dean,
Individually and in his
Official Capacity,

                                        Defendants-Appellants.
_____

        Appeal from the United States District Court for the
                 Northern District of Mississippi
                      (1:95-CV-199-D-D)
_____
                      February 17, 1997

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Dr. Ahmad A. Vadie served as a tenured professor at
Mississippi State University.  In 1992, Vadie was notified that the
department in which he worked was to be eliminated.  Vadie
interviewed for alternative positions that became available at MSU,
but he was not hired.

---

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Vadie sued MSU, Dean Robert A. Altenkirch and Dr. Donald Hill (collectively the "Defendants") contending he was denied a faculty position because of his race and national origin, in violation of 42 U.S.C.§ 2000e to 2000e-17 (Title VII), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

The Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment contending they were protected by qualified immunity and sovereign immunity. They also moved for summary judgment contending that Vadie failed to produce sufficient evidence to support his claims. The district court dismissed all claims Vadie alleged against MSU under § 1981 and § 1983 for money damages, and dismissed all claims against Hill and Altenkirch acting in their individual capacity. The district court allowed the remainder of Vadie's complaints to proceed.

The Defendants filed an interlocutory appeal. Although Vadie's complaint and the district court opinion are somewhat ambiguous on this point, Vadie's appellee brief makes clear that he has abandoned all claims against Hill and Altenkirch in their individual capacities and all claims against MSU under § 1981 or § 1983. Therefore, Vadie may no longer pursue these claims. The only issues appealed by the Defendants are: whether Hill and Altenkirch, acting in their official capacities, are shielded by the Eleventh Amendment from liability under Title VII; whether MSU is shielded by the Eleventh Amendment from liability under Title VII; and whether the Defendants can appeal the district court's

denial of summary judgment based on the sufficiency of the evidence.

I

The Defendants contend that the Eleventh Amendment renders them immune from suit. Although sovereign immunity does shield states from suit, Congress may abrogate a state's sovereign immunity when it legislates pursuant to section 5 of the Fourteenth Amendment, although it must unequivocally express its intent to do so. Seminole Tribe of Fla. v. Florida, 517 U.S. ___, ___, 116 S.Ct. 1114, 1128-1129 (1996).

The Supreme Court has held that Title VII was enacted pursuant to powers granted under the Fourteenth Amendment, and in enacting Title VII, Congress had expressly abrogated the States' Eleventh Amendment immunity. Fitzpatrick v. Bitzer, 427 U.S. 445, 452-53 & n.9, 96 S.Ct. 2666, 2670 (1976). The Supreme Court has given no indication that the holding in Fitzpatrick is unsound. Indeed, in Seminole Tribe, both the majority and Justice Stevens' dissent rely upon Fitzpatrick. Id. at 1125, 1134. Moreover, Fitzpatrick is routinely relied upon for the proposition that Congress has abrogated the States' immunity by enacting Title VII. See, e.g., Patsy v. Board of Regents, 457 U.S. 496, 531 n.15, 102 S.Ct. 2557, 2576 (1982); Winbush v. Iowa, 66 F.3d 1471 (8th Cir. 1995); Davis v. State University of New York, 802 F.2d 638, 640 n.1 (2d Cir. 1986); Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981).

The appellants suggest that the Seminole Tribe, "casts doubt upon" Fitzpatrick by introducing the requirement that Congress speak with clarity when abrogating the Eleventh Amendment immunity. Seminole Tribe, 116 S.Ct. 1114. In truth, the requirement of a clear statement is not new; the Supreme Court has repeatedly emphasized that the statutory language eliminating state sovereign immunity must be unequivocal. See Blatchford v. Native Village of Noatak & Circle Village, 501 U.S. 775, 786, 111 S.Ct. 2578, 2584 (1991)(Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement); Dellmuth v. Muth, 491 U.S. 223, 109 S.Ct. 2397 (1989)(noting that Congress must make its intention to abrogate the States' sovereign immunity "unmistakably clear in the language of the statute"); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 105 S.Ct. 3142 (1985) ("a general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment"). Seminole Tribe did not change the existing law on this point. Therefore, MSU is not protected by sovereign immunity when sued under Title VII.

Similarly, Hill and Altenkirch may be sued in their official capacities. "Federal claims against state employees in their official capacities are the equivalent of suits against the state." Ganther v. Ingle, 75 F.3d 207, 209 (5th Cir. 1996)(footnote omitted). Because the state is subject to suit under Title VII,

employees of the state may also be sued in their official capacities.[1]

II

The Defendants contend that Vadie has failed to provide evidence sufficient to overcome their summary judgment motion. The district court denied the Defendants' motion. This ruling, however, is not subject to an interlocutory appeal.

A district court's denial of a summary judgment motion is ordinarily not appealable. See Feagley v. Waddill, 868 F.2d 1437, 1439 (5th Cir. 1989). Nonetheless, rulings that are not themselves independently appealable before judgment, may be appealed if they are "inextricably intertwined" with a district court's denial of immunity. See, e.g., Martin v. Memorial Hosp., 86 F.3d 1391 (1996) quoting Swint v. Chambers County Comm'n, 115 S.Ct. 1293 (1995). The Defendants make no attempt to demonstrate a connection between the resolution of the qualified immunity issue and the sufficiency of the evidence question. We see no inextricable linking.

---

[1]Several lower courts have held that because a suit against an employee acting in an official capacity is the equivalent of a suit against an employer, a plaintiff is not allowed to sue both parties. See, e.g., Dufrene v. Pellittieri, Civ. A. No. 95-3806, 1996 WL 495150, (E.D.La. Aug. 29, 1996)(discussing relevant authority and concluding suit against both employer and employee acting in official capacity was duplicative); see also, Allen v. Tulane Univ., No. 92-4070, 1993 WL 459949 (E.D.La. Nov. 2, 1993)(may not sue both employer and supervisor in official capacity); Keley v. Troy State Univ., 923 F.Supp. 1494, 1499 (M.D.Ala. 1996)(same). Although this position appears reasonable, no party raised this issue on appeal and we therefore refrain from ruling upon it.

Therefore, the Defendants may not appeal the district court's denial of their summary judgment motion insofar as it relates to the sufficiency of evidence. The appeal on this ground is therefore dismissed.

In summary, all claims against MSU under § 1981 and § 1983 are abandoned; all claims against Hill and Altenkirch in their individual capacities are abandoned; the Title VII claims against Hill and Altenkirch acting in their official capacities may proceed; and, finally, the Title VII claim against MSU may proceed.

For the reasons stated above, this appeal is DISMISSED in part and the district court's judgment that MSU, Hill and Altenkirch are not protected from Title VII liability by the Eleventh Amendment is AFFIRMED.

DISMISSED in part and AFFIRMED in part.