**Shirley BRADEN, as next friend and/or legal guardian of Natasha Walker, a minor, Plaintiff,**

**v.**

**PIGGLY WIGGLY, et al., Defendants.**

**No. Civ.A. 97–T–1517–N.**

United States District Court,
M.D. Alabama,
Northern Division.

May 7, 1998.

1358

Spence A. Singleton, Taber, Rountree & Singleton, PC, Montgomery, AL, Harry A. Lyles, Montgomery, AL, for Shirley Braden, as next friend and/or legal guardian of Natasha Walker, a minor plaintiff.

Carole A. Jeandheur, John R. Tyler, Dept. of Justice, Washington, DC, Redding Pitt, U.S. Attorney, Montgomery, AL, Frank W. Hunger, Asst. Atty. Gen., U.S. Dept. of Justice, Civil Div., Washington, DC, for U.S.

Steadman Shealy, Jr., Joseph A. Morris, James H. Pike, Cobb & Shealy, P.A., Dothan, AL, for Piggly Wiggly, defendant.

Julie S. Moody, Albrittons, Clifton & Alverson, P.C., Andalusia, AL, for Derrick Bradley, defendant.

### ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit was filed by Natasha Walker, a female employee of defendant Piggly Wiggly.[1] Walker brought this action against Piggly Wiggly and her supervisor, defendant Derrick Bradley, under the Violence Against Women Act (VAWA), 42 U.S.C.A. § 13981, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17. Walker also raised state-law claims of assault and battery and outrage. The complaint alleged that on June 11, 1997, while working at Piggly Wiggly's premises, Walker was sexually assaulted by Bradley. She alleges that the injuries resulting from this assault required her to be twice hospitalized, as well as causing her emotional stress and trauma. Walker also claims she suffered retaliation by her co-workers after she reported the assault. This court's jurisdiction is proper under 42 U.S.C.A. §§ 2000e–5(f)(3), 13981(e)(3). Supplemental jurisdiction over the state-law claims is proper under 28 U.S.C.A. § 1367.

This cause of action is now before the court on Bradley's motion to dismiss and amended motion to dismiss, filed November 24, 1997, and December 30, 1997, and Piggly Wiggly's motion to dismiss filed December 8, 1997. Together, the defendants have raised the following issues in their motions to dismiss: first, that Walker has failed to state a claim under the VAWA, because she has not demonstrated that the alleged sexual assault was a "crime of violence" committed on the basis of her gender; and second, that the VAWA is unconstitutional because the statute exceeds Congress's powers to regulate interstate commerce, as well as Congress's powers under § 5 of the fourteenth amendment to the United States Constitution. In addition, Piggly Wiggly has moved to dismiss Walker's complaint on the following grounds: Walker has failed to allege facts sufficient to hold Piggly Wiggly liable under the doctrine of respondeat superior for any alleged violation of the VAWA committed by Bradley; Walker has failed to articulate an "unlawful employment practice" to support her claim under Title VII; Walker has not obtained her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC); Walker has failed to allege facts sufficient to support Piggly Wiggly's liability for a violation of Title VII; and Walker has failed to allege facts to support a finding of vicarious liability for the state-law claims of assault and battery. Bradley also moves the court to dismiss Walker's Title VII claim against him. For the reasons discussed below, the court will grant Bradley's motion as to Walk-

---

1. Walker, a minor, pursues this matter by and through her mother, Shirley Braden.

er's Title VII claim, and, in all other respects, will stay consideration of the defendants' motions pending Walker's amendment of her complaint in accordance with the court's instructions set forth below.

## I.  STANDARD OF REVIEW FOR MOTION TO DISMISS

Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), or where an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## II.  FACTUAL BACKGROUND

The allegations of Walker's complaint are as follows. Walker was employed by Piggly Wiggly as a cashier in one of its grocery stores located in Greenville, Alabama. Bradley served as her supervisor. On or about June 11, 1997, during the performance of duties assigned by Bradley and at the grocery store, Bradley "sexually assaulted" Walker.[2] Walker claims that, as a result of this assault, she was hospitalized twice and suffered emotional stress and trauma. Walker also alleges that other employees of Piggly Wiggly informed store customers about the assault, as well as told them that Walker was mentally unstable, have harassed Walker, and have filed "frivolous misdemeanor charges" against Walker in retaliation for reporting the actions of Bradley.[3]

## III.  VAWA CLAIM

The VAWA provides that, "All persons within the United States shall have the right to be free from crimes of violence motivated by gender." 42 U.S.C.A. § 13981(b). The statute creates a cause of action against any person who commits a crime of violence motivated by gender. Piggly Wiggly and Bradley assert four broad challenges to Walker's VAWA claim: first, that Walker has failed to allege that the offense she complains of—sexual assault—is a felony offense as required by the Act; second, that Walker has failed to show that the alleged offense was motivated by her gender and due, in part, to gender animus; third, that Walker has not alleged and cannot show that Piggly Wiggly is liable under the VAWA for the acts of its employee, Bradley; and fourth, that the VAWA is an unconstitutional exercise of Congress's powers under either the commerce clause or § 5 of the fourteenth amendment to the United States Constitution.

### A.  Predicate Felony Offense

In order to state a claim under the VAWA, Walker must show that Bradley committed a "crime of violence," which is defined in the VAWA as an offense which would either (1) "constitute a felony against the person," or (2) "constitute a felony against property if the conduct presents a serious risk of physical injury to another," and would come within the meaning of state or federal offenses described in 18 U.S.C.A. § 16. 42 U.S.C.A. § 13981(d)(2)(A). A crime in the latter category is either an offense that has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," or is an offense that is a felony and that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.A. § 16. The VAWA thus requires an allegation of a predicate *felony* offense to state a claim under the Act.

██ Here, Walker alleges that she was "sexually assaulted" by Bradley. The defendants contend that this allegation is insuffi-

---

**2.**  Complaint, filed October 16, 1997, ¶¶ 2, 5, 6.

**3.**  *Id.* ¶ 8.

cient to state a claim under the VAWA because the term "sexual assault" does not identify a specific felony in the 1975 Alabama Code. Crimes of a sexual nature are codified in Title 13A, Chapter 6, Article 4 of the Code, which is entitled "Sexual Offenses." But Title 13A makes no mention of the term "sexual assault." The term is, however, defined in another part of the 1975 Alabama Code, the Victim Counselor Confidentiality Act of 1987, which is in Title 15 and which provides that a "sexual assault" is "Any sexual offense enumerated in Sections 13A–6–60 through 13A–6–70." 1975 Ala.Code § 15–23–41(3). Thus, the definition in the Victim Counselor Confidentiality Act of 1987 generally refers back to sexual offenses provisions in Title 13A of the Code. The crimes in Title 13A, however, range from *felony* crimes, such as rape in the first degree, § 13A–6–61 (a class A felony), to *misdemeanor* crimes, such as indecent exposure, § 13A–6–68 (a class A misdemeanor). Therefore, this court cannot, on the basis of the complaint alone, determine whether Walker has alleged a predicate *felony* offense required to state a cause of action under the VAWA. Walker's VAWA claim will therefore be dismissed unless she amends her complaint in the following manner: to specify which section of the 1975 Alabama Code—in particular, what felony offense—she alleges the defendants violated and to state the facts that support this allegation.

### B. Gender Motivated and Gender Animus

A plaintiff bringing a claim under the VAWA must also show that the crime of violence is *motivated by gender.* The VAWA defines "crime of violence motivated by gender" as follows: "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." 42 U.S.C.A. § 13981(d)(1). The VAWA expressly excludes non-gender motivated violence from its purview: "Nothing in this section entitles a person to a cause of action under subsection (c) of this section for random acts of violence unrelated to gender or for acts that cannot be demonstrated, by a preponderance of the evidence, to be motivated by gender (within the meaning of subsection (d) of this section)." 42 U.S.C.A. § 13981(e)(1).

According to the legislative history, "[p]roof of 'gender motivation' under [the VAWA] is to proceed in the same ways proof of race or sex discrimination proceeds under other civil rights law. Judges and juries will determine 'motivation' from the 'totality of the circumstances' surrounding the event.... Bias, in short, can be proven by circumstantial ... evidence." S.Rep. No. 103–138, at 52 (1993). The legislative history also reveals that Congress intended the language of the VAWA to mirror that of Title VII: "The definition of gender-motivated crime is based on title VII, which prohibits discrimination in employment 'because ... of sex' .... Hence, [the VAWA] defines crimes motivated by gender to be crimes committed 'because ... of gender.' The phraseology 'motivated by,' 'because of,' 'on the basis of,' or 'based on' sex or gender is used interchangeably in case law discussions of title VII. This body of case law will provide substantial guidance to the trier of fact in assessing whether the requisite discrimination was present." *Id.* at 53 (citations omitted).

■ A plaintiff's VAWA claim may proceed, therefore, where, in addition to the crime of violence, there is either harassing sexual behavior, unwanted sexual advances, or actual statements to suggest that the defendant targeted the plaintiff because of her sex. *Compare Anisimov v. Lake,* 982 F.Supp. 531, 541 (N.D.Ill.1997) (gender animus sufficiently pleaded where plaintiff alleged the defendant made inappropriate sexual advances, fondled her, attempted to remove her clothing, grabbed her breasts, assaulted and attempted to rape her, and raped her) (entire case certified for interlocutory appeal); *Crisonino v. N.Y.C. Hous. Auth.,* 985 F.Supp. 385 (S.D.N.Y.1997) (plaintiff adequately pled claim under the VAWA where she alleged defendant called her a "dumb bitch" and later shoved her to the ground), *with Wesley v. Don Stein Buick, Inc.,* 985 F.Supp. 1288 (D.Kan.1997) (plaintiff instructed to amend complaint where she did not show how aggravated assault was motivated by her gender), *order vacated in part,* 1998 WL 97801 (Feb. 26, 1998).

Here, Walker has alleged only that Bradley "sexually assaulted" her. Admittedly, it can be reasonably argued that an allegation of sexual violence, such as the one asserted by Walker here, is itself indicative of gender animus and is therefore sufficient to show gender motivation and gender animus, as required by the VAWA. *See, e.g.,* Catharine MacKinnon, *Reflections on Sex Equality Under Law,* 100 Yale L.J. 1281, 1301–02 (1991) ("Women are sexually assaulted because they are women: not individually or at random, but on the basis of sex, because of their membership in a group defined by gender.... Rape is an act of dominance over women that works systematically to maintain gender-stratified society in which women occupy a disadvantaged status as the appropriate victims and targets of sexual aggression.").[4] However, none of the sexual offenses contained in Title 13A, Chapter 6, Article 4 of the 1975 Alabama Code contains, as an element of the offense, the requirement of gender animus. Without such express statutory support, the court believes that it would be improper to make such an inference, especially with regard to a criminal statute. Walker's VAWA claim will therefore be dismissed unless she amends her complaint with allegations to support her claim that Bradley's actions deprived her of the right to be free from gender-based violence.

## C. Respondeat Superior Liability under the VAWA

Without conceding that a plaintiff may assert a claim under the VAWA against the employer of the perpetrator of the gen-

der-biased crime, Piggly Wiggly contends first, that because the complaint makes no reference to Piggly Wiggly in the VAWA count, Walker has not brought a claim against Piggly Wiggly under the VAWA for Bradley's alleged sexual assault of her, and second, that if she has brought a claim against Piggly Wiggly under the VAWA, Walker has failed to allege facts sufficient to establish respondeat superior liability under *Faragher v. City of Boca Raton,* 111 F.3d 1530 (11th Cir.) (en banc), *cert. granted,* —— U.S. ——, 118 S.Ct. 438, 139 L.Ed.2d 337 (1997). As to Piggly Wiggly's first argument, the court agrees that Walker's complaint is ambiguous as to whether she is asserting her VAWA claim against Piggly Wiggley: her claim under the VAWA does not reference Piggly Wiggly as a defendant, but her prayer for relief does. Walker's VAWA claim will be dismissed as to Piggly Wiggly unless she clarifies that she is asserting the claim against Piggly Wiggly.

Piggly Wiggly's second argument raises a novel issue: to date, no court has addressed whether an employer may be held liable under the VAWA for the acts committed by its employees, much less what standard of liability should be used to hold the employer accountable. The court declines to reach this issue at this time. Indeed, should Walker choose, after amendment, to bring a VAWA claim against Piggly Wiggly, the court believes that the respondeat-superior-liability matter should be addressed on summary judgment or at trial.

## D. Constitutionality of the VAWA

The bulk of the defendants' respective motions to dismiss deals with the Constitutional-

---

4. However, at least one court has attempted to distinguish among different acts of sexual violence against women to determine those crimes for which an inference of gender animus is reasonable. In *Brzonkala v. Virginia Polytechnic and State Univ.,* 935 F.Supp. 779, 784–85 (W.D.Va.1996), *reversed,* 132 F.3d 949 (4th Cir. 1997), *rehearing en banc granted, opinion vacated,* (Feb. 5, 1998), the court made the quite remarkable suggestion that stranger rape is more likely than date rape to involve gender animus. The *Brzonkala* court cites no authority, sociological or legal, for this distinction, nor is there anything in either the language or the legislative history of the VAWA to indicate that Congress intended to distinguish between different types of

sexual violence crimes. Indeed, this court cannot even fathom a common sense basis for such a *generic* distinction. Rape is rape, and it is doubtful that a woman (or, for that matter, a man), who had been violently invaded and attacked, would take comfort in the fact that it was a date (or 'friend') who did it; regrettably, a date and a 'friend' can be motivated by gender animus too. *See Anisimov,* 982 F.Supp. at 541 (rejecting the *Brzonkala* distinctions and noting that while "Congress clearly did not intend to designate rape as a per se 'crime of violence motivated by gender,' the cases where it is not would appear to this Court to be few and far between .").

ity of the VAWA: both defendants contend that Congress exceeded its authority under either the commerce clause or § 5 of the fourteenth amendment by enacting the VAWA. The United States has chosen to intervene in this matter, and has filed a brief arguing in favor of constitutionality. However, the court will not address this constitutional issue until it is certain that Walker has asserted a claim under the VAWA. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 (1981) ("[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."). The court will revisit the constitutional issue should Walker amend her complaint to assert a VAWA claim.

## IV. TITLE VII CLAIMS

Piggly Wiggly makes three arguments with respect to its motion to dismiss Walker's Title VII claim: (1) that Walker has failed to make out a Title VII claim for discrimination based on gender; (2) that Walker has failed to obtain the requisite right-to-sue letter from the EEOC; and (3) that Walker has failed to show respondeat superior liability. Bradley claims that Walker's Title VII claim against him is due to be dismissed because he is being sued in his individual capacity.

As to its first argument, Piggly Wiggly claims that Walker has failed make any allegation that "Piggly Wiggly failed or refused to hire Walker, discharged Walker, or discriminated against Walker with respect to her compensation, terms, conditions, or privileges of employment on account of her gender." [5] Indeed, besides the paragraph alleging that Bradley assaulted her, the only paragraph in her complaint that sets forth the allegedly discriminatory behavior attributable to Piggly Wiggly under Title VII is paragraph eight, which reads as follows:

"Since the time of said assault employees of defendant Piggly Wiggly have informed customers of the defendant Piggly Wiggly of the assault and have advised said customers that the plaintiff was mentally unstable, have harassed the plaintiff, and have filed frivolous misdemeanor charges against the plaintiff in retaliation against the plaintiff for reporting the actions of Defendant Bradley." [6]

Construing the complaint liberally, the court finds that Walker has failed to state a cause of action against the defendants for a violation of Title VII. For example, if Walker is alleging that the acts committed by Bradley and Walker's co-workers created a 'hostile work environment' in violation of Title VII, she must show the following: (1) Walker is a member of a protected group; (2) Walker was the subject of unwelcome conduct; (3) such conduct affected a term, condition or privilege of employment; (4) the conduct was based on sex; and (5) respondeat superior liability. *Henson v. City of Dundee,* 682 F.2d 897, 903–04 (11th Cir.1982). Walker's Title VII claim will be dismissed unless she amends her complaint to clarify, with specific factual allegations, the nature of the Title VII claim she is asserting.

Piggly Wiggly also argues that Walker's Title VII claim should be dismissed because she failed to obtain the requisite right-to-sue letter from the EEOC before filing this lawsuit. The essence of this argument is that Walker failed to exhaust her administrative remedies when she filed her charge of discrimination with the EEOC on or about the same day as she filed this lawsuit. The Eleventh Circuit has held that the receipt of a right-to-sue letter is "a statutory precondition which is subject to equitable modification." *Forehand v. Florida State Hosp.,* 89 F.3d 1562, 1569–1570 (11th Cir. 1996). That is, under appropriate circumstances, the plaintiff will be excused from the exhaustion requirement if the court's consideration of the equities so warrants it. The burden is on the plaintiff to show that equitable modification should apply; however, a claimant's attempts to "frustrate investigation or conciliation by the EEOC" may render equitable consideration inappropriate. *Id.* at 1570. Piggly Wiggly argues that Walker has not met her burden because she has not explained why she failed to obtain

---

**5.** Piggly Wiggly's brief in support of motion to dismiss, filed December 8, 1997, at 35.

**6.** Complaint, filed October 16, 1997, ¶ 8.

her right-to-sue letter before filing the lawsuit. Again, adjudication of this issue is premature, although the court does note that the Eleventh Circuit has rejected a *per se* rule in this area: "it would be inconsistent with *Cross* [*v. State of Alabama*, 49 F.3d 1490 (11th Cir.1995)] to base a finding of lack of cooperation simply on the fact that suit was filed before filing the EEOC charge." *Forehand*, 89 F.3d at 1570. If Walker amend her complaint to assert a Title VII claim, she should also indicate the exact date she filed her charge of discrimination with the EEOC, and state whether or not she has since received her right-to-sue letter from the commission.

■ Piggly Wiggly also contends that Walker has failed to state a claim under Title VII because she has not demonstrated how or why Piggly Wiggly should be held liable for Bradley's conduct, or the conduct of her co-workers. An employer can be held liable for hostile environment sexual harassment perpetrated by its employees either directly or indirectly. *Faragher v. City of Boca Raton*, 111 F.3d 1530, 1535 (11th Cir.) (en banc), *cert. granted,* — U.S. —, 118 S.Ct. 438, 139 L.Ed.2d 337 (1997). "An employer is directly liable for hostile environment sexual harassment if it knew, or upon reasonably diligent inquiry should have known, of the harassment and failed to take immediate and appropriate corrective action." *Id.* (citing *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1316 (11th Cir.1989), *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir.1982)). A plaintiff can prove an employer's knowledge of harassment by showing she complained to higher management or by showing that the harassment was pervasive enough to charge the employer with constructive knowledge. *Id.* at 1538. An employer can be held indirectly or vicariously liable for the wrongful conduct of its agent if the harassment occurs within the scope of the agent's employment or if the agency relationship aids the employee's ability or opportunity to harass his subordinate. *Id.* at 1535. This is a matter, however, that should be addressed on summary judgment or at trial.

■ Bradley contends that Walker's Title VII claim against him should be dismissed because he is being sued in his individual capacity and Walker has already named his employer, Piggly Wiggly, as a defendant. The court agrees. In the Eleventh Circuit, "[i]ndividual capacity suits under Title VII are … inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (per curiam) (citations omitted) (emphasis in original). That is, Title VII "does not impose individual liability but only holds the employer accountable for the acts of its individual agents." *Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976, 978 (M.D.Ala.1994). Because Walker has named Bradley's employer Piggly Wiggly as a defendant, the Title VII claim against Bradley in his individual capacity should be dismissed.

## V. STATE–LAW CLAIMS

Lastly, Piggly Wiggly contends that it cannot be held responsible for Bradley's alleged offenses of assault and battery because Walker has not demonstrated facts sufficient to hold Piggly Wiggly vicariously liable, specifically that Walker has not shown that Bradley committed the alleged offenses in the scope of his employment. Before discussing the issue of respondeat superior liability, the court notes that Walker has *not* specified the torts for which she is seeking damages. Although it appears to the court that she is bringing claims for assault and battery and outrage, the outrage claim is ambiguously stated. Walker should amend her complaint to plead the specific torts for which she is seeking relief.

■ Under Alabama case law, an employer is liable for the torts of an employee: (1) if the employee was acting within the scope of his employment; (2) if the employee's acts were in furtherance of the business of his employer; or (3) if the employer ratified, confirmed, or adopted the unauthorized wrongful conduct of the employee. *Joyner v. AAA Cooper Transp.,* 477 So.2d 364, 365

(Ala.1985). The Alabama Supreme Court has explained:

"The employer is vicariously liable for acts of its employee that were done for the employer's benefit, i.e., acts done in the line and scope of employment or for acts done for the furtherance of the employer's interest. The employer is directly liable for its own conduct if it authorizes or participates in the employee's acts or ratifies the employee's conduct after it learns of the action."

*Potts v. BE & K Const. Co.*, 604 So.2d 398, 400 (Ala.1992). In addition, if a plaintiff seeks to hold the employer liable under a theory of ratification, she must show that the employer: (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted a continuing tort; and (3) that the employer failed to take 'adequate' steps to remedy the situation. *Id.* Again, however, this is a matter that should be addressed on summary judgment or at trial.

## VI. CONCLUSION

For the foregoing reasons, it is ORDERED that defendant Derrick Bradley's motion to dismiss and amended motion to dismiss, filed November 24 and December 30, 1997, and defendant Piggly Wiggly's motion to dismiss filed December 8, 1997, are granted to the following extent:

(1) Plaintiff Natasha Walker is allowed until May 21, 1998, to amend her complaint as follows:

(a) For her claim under the Violence Against Women Act (VAWA), 42 U.S.C.A. § 13981: to state which section of the 1975 Alabama Code she alleges defendant Bradley violated; to state allegations to support her claim that this offense was motivated by her gender; and to state whether or not she seeks to impose liability on defendant Piggly Wiggly under the VAWA.

(b) For her claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17: to state the discriminatory acts defendant Piggly Wiggly allegedly committed and to state whether or not she has received her right-to-sue letter from the Equal Employment Opportunity Commission.

(c) For her state-law claims: to state the specific torts for which she is seeking relief.

(2) Plaintiff Walker's Title VII claims against defendant Bradley are dismissed.