Tommy James KNIGHT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ.A. 98–D–1037–N.

United States District Court, M.D. Alabama, Northern Division.

April 8, 1999.

Jerry L. Cruse, Montgomery, AL, for plaintiff.

Redding Pitt, U.S. Attorney, Julia J. Weller, Asst. U.S. Attorney, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion To Dismiss, filed on September 15, 1998. On November 9, 1998, Plaintiff filed a Response in opposition to Defendant's Motion. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion To Dismiss is due to be granted and that Plaintiff's Complaint is due to be dismissed without prejudice.

## MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., U.S. v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990); *Anderson–Free v. Steptoe,* 970 F.Supp. 945, 953 (M.D.Ala.1997). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Scheuer v. Rhodes,* 416

U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir.1993); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Eleventh Circuit has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir. 1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Braden v. Piggly Wiggly,* 4 F.Supp.2d 1357, 1360 (M.D.Ala. 1998).

## FACTUAL BACKGROUND

On August 7, 1998, Plaintiff filed a two-count Complaint in the Circuit Court of Montgomery county, Alabama against Michael Patrick Tierney ("Tierney"), alleging that on or about August 9, 1996, on a public highway,[1] Tierney negligently and wantonly "caused or allowed a motor vehicle to collide with a motor vehicle occupied by the Plaintiff." (Compl. at 1–2.) Plaintiff further claims that he suffered injuries and damages as a proximate consequence of Tierney's negligence and wantonness. (*Id.*) Plaintiff demands judgment against Tierney for $75,000 plus costs on each of the two counts. (*Id.*)

On September 15, 1998, the United States filed a Certification Of Scope Of Employment, wherein it certified that Tierney is an employee of the United States

---

1. The United States claims that the automobile accident occurred on the property of a

Federal military base. (Removal Not. ¶ 2.)

and was acting within the scope of his employment when the automobile accident occurred. (Substitution Not., Ex. A.) Accordingly, also on September 15, 1998, the United States both substituted itself as Defendant to this action and removed the case to this court, pursuant to, inter alia, 28 U.S.C. § 2679(d)(2) of the Federal Tort Claims Act ("FTCA"), which states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). Along with its Notice of Substitution and Notice of Removal, the United States filed a Motion To Dismiss, which the court will now address.

## DISCUSSION

Defendant United States moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, the United States claims that, "[p]ursuant to the provisions of 28 U.S.C. § 2679(a), plaintiff's exclusive remedy for a tort is to sue the United States in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2672–80." (Mot. ¶ 4.) The United States argues that "plaintiff's failure to file an administrative claim under the FTCA [prior to the institution of this action] deprives this Court of subject matter jurisdiction." (*Id.* ¶ 8.)

The FTCA requires that "[a] plaintiff who sues under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.,* must first present his or her claim to the appropriate federal agency." *Burchfield v. United States,* 168 F.3d 1252, 1253 (11th Cir.1999). Specifically, 28 U.S.C. § 2675(a) requires the exhaustion of administrative remedies by a federal agency prior to the filing of a lawsuit against the United States, stating in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). Congress enacted § 2675(a) for two reasons: (1) to encourage prompt settlement of claims in order to ease court congestion and avoid unnecessary litigation; and (2) to ensure fairness to FTCA claimants involved in litigation with the United States. *See Burchfield,* 168 F.3d 1252, 1253; *see also McNeil v. United States,* 508 U.S. 106, 111–12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (stating that the purpose of § 2675(a) is to give federal agencies "a fair opportunity to investigate and possibly settle...claim[s]").

Further, the FTCA references 28 U.S.C. § 2401(b), which governs the time for commencing an action against the United States. *See* 28 U.S.C. §§ 2671 and 2679(d)(5). Section 2401(b) also contem-

plates the prerequisite of presenting a tort claim against the United States to the appropriate federal agency prior to the filing of a lawsuit against the United States, stating:

A tort claim against the United States shall be forever barred *unless it is presented in writing to the appropriate Federal agency* within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

■ Therefore, "[a] district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements." *Burchfield*, 168 F.3d 1252, 1253 (citing *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983)). To satisfy the provisions of § 2675(a), a plaintiff must (1) provide the appropriate agency with written notice of his claim sufficient to enable the agency to investigate, and (2) place a value on his claim. *See Burchfield*, 168 F.3d 1252, 1253 (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir.1980)).[2]

■ In his Response, Plaintiff sets forth several arguments in opposition to the United States' Motion To Dismiss, yet fails to cite a single case in support of his arguments. First, Plaintiff argues that "[t]he accident did not happen on a federal military base" and that "Tierney was driving a rented vehicle, not owned by the United States, which was covered by private liability insurance." (Resp.¶¶ 1–2.) The court finds Plaintiff's arguments unpersuasive. Nothing in the FTCA requires that the accident giving rise to a claim against the United States must occur on federal property or that the automobile involved in the accident must be owned by the United States. *See, e.g., Whitley v. United States*, 170 F.3d 1061 (11th Cir.

1999) (example of FTCA case in which accident giving rise to claim against United States did not occur on federal property and in which automobile involved in accident was a rented van, not a Government vehicle).

Second, Plaintiff argues that "[t]he United States arbitrarily chose to certify that Michael Patrick Tierney was acting in the line and scope of his employment to create a technical defense [i.e. failure to first file written claim with appropriate federal agency] for Michael Patrick Tierney and for the United States" and that his "claim ought not be defeated by Government trickery." (Resp. ¶¶ 4 and 6.) Plaintiff, however, offers no facts to support his allegations that the United States arbitrarily removed this case or engaged in trickery. The court notes that § 2679(d)(2) of the FTCA states that the "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Therefore, the court finds that the United States properly certified that Tierney was acting within the scope of his employment at the time of the accident.

Third, Plaintiff argues that his "damages are primarily property damages and determination of the matter should have been left with the state court." (Resp.¶ 5.) The court finds that the nature of Plaintiff's damages in this case is not determinative of the court's subject matter jurisdiction. Rather, as previously stated by the court, the court's original subject matter jurisdiction is provided by the FTCA and attaches irrespective of the nature of Plaintiff's claims. *See* 28 U.S.C. § 2679(d)(2).

■ Finally, Plaintiff argues that "[t]he case should not be dismissed, but assigned to inactive status until Plaintiff can comply with administrative procedures under the Tort Claims Act, if necessary." (*Id.* ¶ 7.) The court, however, is unable to comply

---

**2.** Decisions by the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. Prich-* *ard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

with Plaintiff's request because "[t]he requirement of filing an administrative claim is a jurisdictional prerequisite to suit and cannot be waived." *Mays v. United States Postal Serv.*, 928 F.Supp. 1552, 1562 (M.D.Ala.1996) (DeMent, J.); *see also Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir.1984). The Supreme Court has held that the FTCA prerequisite of first filing a claim with the appropriate federal agency is clear and must be strictly adhered to, stating:

> The command that an 'action shall not be instituted... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text.

*McNeil*, 508 U.S. at 111, 113 S.Ct. 1980 (quoting 28 U.S.C. § 2675(a)).[3]

Therefore, the court finds that, because of the proper substitution of the United States as Defendant in this action, Plaintiff must comply with the provisions of the FTCA in his suit against the United States. Accordingly, because Plaintiff failed to file written notice of his claim with the appropriate federal agency prior to the filing of his Complaint, Defendant's Motion To Dismiss is due to be granted and Plaintiff's Complaint is due to be dismissed without prejudice.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant's Motion To Dismiss be and the same is hereby GRANTED and that Plaintiff's Complaint be and the same is hereby DISMISSED WITHOUT PREJUDICE.

---

**3.** Accordingly, Plaintiff should file his claim with the appropriate federal agency within sixty (60) days after the entry of the instant dismissal. *See* 28 U.S.C. § 2679(d)(5)(B).